IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-1002-STE |
| | ) |
| FRANK BISIGNANO Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, appearing *pro se* and *in forma pauperis,* initiated this action on September 6, 2024, seeking Court review of a decision of the Commissioner of the Social Security Administration. (ECF No. 1). Plaintiff was granted leave to proceed *in forma pauperis* on December 4, 2025. (ECF No. 7).

On March 28, 2025, the undersigned entered a Report and Recommendation, recommending that this action be dismissed without prejudice for Plaintiff's failure to comply with this Court's orders. Specifically, Plaintiff's failure to show cause for his failure to timely file an opening brief. (ECF No. 10). Following review of Plaintiff's "Objection" (ECF No. 11) filed on April 11, 2025, that Report and Recommendation was vacated and the Plaintiff was granted additional time to submit the documents necessary to prosecute this matter. Plaintiff was ordered to submit an opening brief detailing the facts, procedural history, and specific legal errors made by the Administrative Law Judge (ALJ). Because Plaintiff is proceeding *pro-se*, he was permitted to present his opening brief in letter format but was limited to 30 pages. In addition, Plaintiff was directed to complete and

submit a consent/non-consent form indicating whether he does or does not consent to disposition by a Magistrate Judge. Plaintiff's deadline to submit these documents was September 25, 2025. (ECF No. 13). Plaintiff's Consent Form (ECF No. 14) was filed untimely on September 30, 2025. Plaintiff failed to present an opening brief. Because the deadline for filing an opening brief had passed, Plaintiff was required to demonstrate both good cause and excusable neglect. On October 7, 2025, by Order (ECF No. 16) Plaintiff was again directed to show cause why he failed to submit an opening brief. Plaintiff was specifically ordered to fully explain why he failed to file an opening brief. Plaintiff was required to respond to that Order no later than October 24, 2025. Mr. Miller has failed to respond to the Court's that Order in any way. *Id.*

Under the Federal Rules of Civil Procedure, Plaintiff's brief was due December 26, 2024, thirty days after the Social Security Administration filed an answer to Plaintiff's complaint. Fed. R. Civ. P. Supp. Soc. Sec. R. 6. Plaintiff failed to timely submit an opening brief. Following several Orders providing additional time to file either his opening brief or show good cause for his failure to file, Mr. Miller's final date to comply was October 24, 2025. *See supra.*

The Court has mailed all Orders to the address Plaintiff provided when initiating this matter, including the most recent Orders requiring Plaintiff to show cause. ECF Nos. 13 & 16. Under Local Civil Rule 5.4(a), it is a pro se litigant's responsibility to notify the court and opposing parties of any change of address. There is no indication from the docket that Plaintiff did not receive the Court's previous Orders as mailed to Plaintiff's address of record. Moreover, "[p]apers sent by the Court will be deemed delivered if sent

to the last known address given to the Court." *Id* and Staff notes dated 09/11/2024 and 10/07/2025.

A court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (noting that Rule 41(b) has been "consistently interpreted ... to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute") (internal quotation marks omitted); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal quotation marks omitted). And, if dismissal is without prejudice, the court may dismiss "without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

Plaintiff's failure to comply with the Court's Order leaves the Court unable "to achieve [an] orderly and expeditious disposition" of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the "inherent power" of a court to dismiss suits for lack of prosecution on its own initiative).

## ORDER

As outlined above, the Court has provided Plaintiff with ample notice of the possibility of dismissal for failure to file an opening brief. To date however, Plaintiff has failed to comply with the Court's previous orders. He has failed to prosecute this action, and he has failed to provide a detailed explanation why he has not filed the required opening brief.

Accordingly, this action is dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(b). *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").

ENTERED on November 18, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE